522

JACOB BRISTOL, Plaintiff, *v.* SUN VACUUM STORES, INC., Defendant.

Municipal Court of New York, Borough of Queens, April 19, 1943.

*Thomas T. McVann* for plaintiff.

*Joseph Lewis Simon* for defendant.

MORRIS, J. This is an action to recover the sum of fifty dollars brought against the defendant for allegedly selling a rebuilt vacuum cleaner to the plaintiff in violation of Maximum Price Regulation No. 294 (issued Jan. 1, 1943, eff. Jan 7, 1943, 8 Fed. Reg. 139). The plaintiff's cause of action is based upon section 205 of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 925, subd. (e)], which reads in part as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 **or for**

treble the amount by which the consideration exceeded the appplicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court.''

The defendant at the time of trial moved to dismiss the complaint upon the ground that the court had no jurisdiction in an action brought to recover a penalty under subdivision (e) of section 205 of the Emergency Price Control Act, contending that the act is penal, and cited a decision in the California Superior Court, Los Angeles County, HANSON, J., *Childs* v. *Cruise*, decided February 26, 1943 (1 Price Control Cases ¶ 50939 [Commerce Clearing House]). The text of the opinion, in part, is as follows: '' * * * it is self-evident that the statute is strictly penal in character with respect to violators. Not only may the Price Administrator enjoin a retailer from violating a price ceiling, but he may bring criminal proceedings against him for every such violation. Upon conviction, Congress has provided, as appears to be its wont of late, for severe, if not indeed, staggering penalties for minor as well as major infractions. Upon conviction the violator may be fined $5,000 and imprisoned for two years for every violation of a price ceiling. If he contends that any regulation, order, or price schedule made by the Price Administrator is invalid, he is not permitted to urge the contention in any court of the United States — state or federal — except in the Emergency Court of Appeals created by the Act and in the Supreme Court of the United States. Moreover, if the Price Administrator concludes that a retailer has violated the Act and so should appear before him, he may direct him to appear and testify at any place he may designate. This would permit the Price Administrator to designate any place in the United States. Then too, * * * the Act provides that if for any reason a consumer may not maintain his action * * * the Administrator may do so in behalf of the United States. To urge then, as does counsel for the O. P. A., that the action here involved is strictly remedial and in no sense an action to recover a penalty or one in the nature of a penalty, cannot be sustained. By the law of this state the action is one in the category for the recovery of a penalty or in the nature of a penalty and one that is moreover against the strong public policy of this state. Such an action would not be entertained if it were predicated on a statute of a sister state * * * and so need not be entertained where, as here, it is based on a federal statute. * * *

" The fact that Congress has authorized a state court to exercise jurisdiction over a cause of action arising out of an Act of Congress is not the test in determining whether a state court may or may not decline to exercise its jurisdiction. Instead, as has been indicated, the controlling test is whether it exercises jurisdiction in a like type of case when the cause of action arises in another state. From time immemorial it has been the rule that the courts of one sovereignty would not enforce the penal laws of another sovereignty or entertain action for penalties based on or arising out of their laws. This is today the rule of the states of the United States."

The decision just quoted holds that the provision in the Emergency Price Control Act authorizing action for treble damages or fifty dollars, whichever is greater, is penal rather than remedial and therefore the California State court has no jurisdiction under the Act for such damages resulting from overcharge.

Judge Kitts of the Pennsylvania Court of Common Pleas, in *Pratt* v. *Hollenbeck* (46 Pa. D. & C. Rep. 657, decided March 1, 1943), holds that the Emergency Price Control Act is remedial rather than penal and an action brought thereunder is *ex contractu* and not *ex delicto*.

In *Huntington* v. *Attrill* (146 U. S. 657), the Supreme Court stated: " Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

In other words the fact that a party feeling aggrieved is authorized under the Act to bring an action for treble damages or fifty dollars, whichever is greater, does not transform the remedial character of the action into a suit for penalty. It was held in *Brady* v. *Daly* (175 U. S. 148), that provisions with regard to a flat sum recovery in the copyright statutes do not transform the action into a penal action, and the double damage provision in the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) has also been construed as remedial rather than penal. (*Overnight Motor Transp. Co.* v. *Missel,* 316 U. S. 572.)

The court in *Pratt* v. *Hollenbeck,* above referred to, stated the following: " An action *ex contractu* is basically one involving some form of contractual relationship between the parties, express or implied. A tort has defied definition ever since the term was coined, though its Latin root, *torquere, tortus, tortum,* means wrong, injustice, to twist, to wring. The late Justice

HOLMES considered a contract ' as only a conditional liability to pay damages, avoidable by performance.' Under this theory, the present action would come under the domain of contracts for the defendant could have avoided the damages claimed in this suit by performance of the mandate of Maximum Rent Order No. 28.

" The Restatement of Contracts seems to suggest that obligations created by law are quasi-contracts, enforceable at common law in a manner similar to true contracts. * * * Under this theory, a violation of section 205 (e) of the Emergency Price Control Act of 1942 is a breach of a quasi-contract, is in its nature *ex contractu* as distinguished from *ex delicto,* and is enforceable in the same type of action as other rights arising from contract relationships."

In the above case from which the quotation has just been cited the action was brought by a tenant under subdivision (e) of section 205 of the Act to recover damages for rents charged in excess of the maximum permitted by Maximum Rent Regulation No. 28.

Subdivision (c) of section 205 of the Act [U. S. Code, tit. 50, Appendix, § 925, subd. (c)] reads as follows: " The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act."

The court is of the opinion, in view of the decisions of *Huntington* v. *Attrill* (146 U. S. 657, *supra*), *Brady* v. *Daly* (175 U. S. 148, *supra*), *Overnight Motor Transportation Co.* v. *Missel* (316 U. S. 572, *supra*), *Pratt* v. *Hollenbeck* (46 Pa. D. & C. Rep. 657, *supra*), and the language just quoted from subdivision (c) of section 205 of the Emergency Price Control Act, and that of subdivision (e) of section 205, authorizing the injured party to bring suit, the Act in no way inures to the monetary advantage of the government but gives a private right of action which must be considered to be remedial rather than penal, and that therefore this court has jurisdiction.

The motion of the defendant to dismiss the complaint because of lack of jurisdiction of the court is denied and the case is set down for trial April 28, 1943.